**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                      No. 99-4212

ANTHONY POWELL,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-96-18)

Submitted: November 18, 1999

Decided: November 30, 1999

Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edmund John Rollo, Morgantown, West Virginia, for Appellant.
Samuel Gerald Nazzaro, Jr., Assistant United States Attorney, Whee-
ling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Powell appeals his eighteen-month sentence imposed for violation of terms of his supervised release. Powell claims that the district court abused its discretion first when it revoked his supervised release and then when it imposed a sentence above the suggested guidelines range. Finding no reversible error, we affirm.

Powell pled guilty to one count of distributing crack cocaine within 1000 feet of a school in violation of 21 U.S.C.A.§§ 841(a)(1), 860 (West 1994 & Supp. 1999). He was sentenced to twenty-seven months in prison followed by six years of supervised release. Powell began his term of supervised release in April 1998.

On March 15, 1999, the district court held a supervised release revocation hearing to determine whether Powell had violated his release conditions. Powell admitted committing nine violations, which included physically assaulting his then girlfriend on three different occasions, vandalizing this girlfriend's home, and failing to report to a mandatory drug test and a domestic violence counseling appointment. After hearing Powell's admission, the district court revoked his supervised release and imposed an eighteen-month sentence.

Powell contends that the district court abused its discretion when it revoked his supervised release. After reviewing the record, we find no abuse of discretion. Powell committed Grade C violations, which gave the district court the option of revoking the supervised release, extending the term of the release or modifying the conditions of supervision. See U.S. Sentencing Guidelines Manual § 7B1.3 (1998). Based on Powell's admission that he violated conditions of his supervised release, the district court did not abuse its discretion in revoking it.

Powell next contends that the district court should have sentenced him within the recommended guidelines range of five to eleven months instead of eighteen months. We review this claim for abuse

2

of discretion and find none. <u>See United States v. Davis</u>, 53 F.3d 638, 640-42 (4th Cir. 1995). This claim fails for several reasons. First, the sentencing guidelines range calculated under USSG§ 7B1.4(a) is purely advisory. <u>See Davis</u>, 53 F.3d at 642. Second, the eighteen-month sentence is less than the statutory maximum of three years. <u>See</u> 18 U.S.C.A. § 3583(e) (West 1994 & Supp. 1999). Finally, Powell admitted committing all nine violations, three of which involved physical violence against his then girlfriend. Thus, we find no abuse of discretion in the court's sentencing Powell above the guidelines range but below the statutory maximum.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3